UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

                                    Case No. 12-CR-20369

vs.

                                      HON. GEORGE CARAM STEEH

CHIAO MA,

                Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE (DOC. #19)

Defendant Chiao Ma, charged with receipt and possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) & 2252A(a)(5), has moved to suppress evidence obtained from a search of his computer, which agents took from his home without a warrant in December 2011. The court held an evidentiary hearing in this matter on September 19, 2012, and allowed the parties to file supplemental briefs, which have now been submitted. For the reasons that follow, the motion is DENIED.

## BACKGROUND

According to the affidavit of Department of Homeland Security (DHS) Special Agent Barry Burnette, provided as the basis for the search warrant in this matter, Ma was first identified as being involved with child pornography in August 2010. This identification occurred by way of subpoena to Comcast Cable Communications,

-1-

requesting that it identify a subscriber who had accessed a particular website which offered access to child pornographic images and/or videos.[1]

On December 2, 2011, more than 15 months after Ma was identified by the DHS, Burnette, along with another DHS special agent and a Shelby Township, Michigan police officer, knocked on the door of Ma's home in Shelby Township and asked for permission to enter. At the hearing, Burnette testified that Ma motioned for Burnette and the other law enforcement officers to enter.

Burnette told Ma that he was looking for child pornography and asked for his cooperation. Ma indicated that he did not understand the request. After Burnette asked Ma if he had a family member or friend who spoke English, Ma reached his sister and brother-in-law on the telephone, who agreed to translate from English to Chinese, Ma's native language.

Burnette told the man on the phone, Mr. Wong, that the agents and officers were in Ma's home to investigate whether child pornography had been downloaded to Ma's computer, and asked if Ma would allow them to look at the computer. Ma then spoke on the phone with Mr. Wong for approximately 8 or 10 minutes, and handed the phone back to Burnette. Mr. Wong told Burnette that Ma did not want to cooperate. While Burnette was again on the telephone with the Wongs, Ma went to his desktop computer in that same room, and started moving contents of a folder to the recycling bin on the computer.

---

[1]Burnette attested that an Italian agency devoted to combating pedophilia contacted the DHS Homeland Security Investigations Cyber Crimes Center with information about the website. and its contents.

DHS Special Agent Keith told Burnette that Ma was deleting files.  Keith then ordered Ma to step away from the computer.  After a couple of requests, Ma moved away from the computer, and Keith confirmed that the computer was in the process of deleting files.  In an attempt to stop the potential deletion of files from the computer, Keith clicked on the "x" in the upper right corner of the box showing files traveling to the recycling bin.[2]

After Burnette spoke to the other officers at the premises, and called an Assistant United States Attorney, the officers seized the computer and transported it to DHS offices in Detroit.  Burnette applied for a search warrant to search the computer, asserting he had probable cause to believe child pornography existed on the computer. Burnette attested that the computer was not searched or even turned on until the search warrant, based on his affidavit, was issued by a magistrate later that day.

After issuance of the warrant, law enforcement located approximately 12,502 images and 187 videos of child pornography on Ma's computer.  A grand jury returned a one-count indictment charging Ma with one count of receipt of child pornography and one count of possession of child pornography.  Ma now moves to suppress all evidence obtained through the search of his home and seizure of his computer.

## ANALYSIS

The Fourth Amendment provides that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported

---

[2]Burnette attested that the computer and files were displayed in Chinese, and the cancel button was in English.

by oath or affirmation. . . ."  U.S. const. amend IV.  The seizure of personal property is "*per se* unreasonable ... unless it is accomplished pursuant to a judicial warrant issued upon probable cause and particularly describing the items to be seized."  *United States v. Place*, 462 U.S. 696, 701 (1983).  However, certain exceptions exist under circumstances presenting both probable cause and exigencies.  *Id.*  It is the government's burden to prove that a warrantless seizure is legal.  *United States v. Beal*, 810 F.2d 574, 577 (6th Cir. 1987).

The seizure of Ma's computer was warrantless.  Ma concedes that law enforcement may seize personal property from a home without a warrant where there is both probable cause and the existence of exigent circumstances.  *See Place*, 462 U.S. at 701.  Ma contends, however, that neither existed for this seizure.

Ma first argues that the circumstances did not present the officers with probable cause to seize his computer.  Ma contends that the officers should have left the premises once they knew of his refusal to allow them to search his computer.  Ma's argument here focuses in part on the fact that the information in the hands of the agents was more than a year old.  He asserts that such "stale" information defeats a finding of probable cause, citing *United States v. Frechette*, 583 F.3d 374, 377-78 (6th Cir. 2009).

The court has considered the specific circumstances surrounding this seizure. The officers present at Ma's house not only had information linking the viewing of child pornography with Ma's residence; they had Ma's actions once he was confronted with the purpose of their visit.  Furthermore, once Ma knew of the reason for the agents' visit, and that they wanted to look at his computer, Ma began to delete files from that computer.  Therefore, it was not only old information leading to the probable cause

found by the agents, but the totality of the circumstances.  Further, Ma's reliance on *Frechette* does not provide support for his argument, as in the *Frechette* opinion itself the court stated that the "staleness inquiry depends on the 'inherent nature of the crime,'" and in fact distinguished information about possession of narcotics from that of child pornography.  *Frechette*, 583 F.3d at 378 (quoting *United States v. Spikes*, 158 F.3d 913, 923 (6th Cir. 1998)).  Despite the age of the information which originally took the agents to Ma's home, and despite the fact that the files he was deleting were in Chinese, the court finds this combination of facts gave the agents probable cause to believe that evidence of Ma's receipt or possession of child pornography would be contained in the computer files.  Despite defendant's arguments, the court does not find any support for a contrary result in the decisions of *United States v. Bradley*, 2012 WL 2580807, *3 (6th Cir. July 5, 2012) or *United States v. Mitchell*, 565 F.3d 1347, 1350 (11th Cir. 2009).

Concerning the existence of exigent circumstances, the government argues that the agents' actions were justified because the evidence was going to be destroyed, citing, e.g., *United States v. Sangineto-Miranda*, 859 F.2d 1501, 1511 (6th Cir. 1988).  Ma asserts that his transfer of files to the recycling bin would not have destroyed the evidence, again citing *Frechette*, 583 F.3d at 381, where the Sixth Circuit acknowledged the longevity of images downloaded from the internet.

The court finds that the agents' decision to take the computer with them did not violate the Fourth Amendment.  Whether or not Ma's actions could have permanently destroyed the evidence of child pornography is not the question here.  Ma's actions, taken immediately after he was informed that the agents were looking for evidence of

possession of child pornography, made it reasonable for the agents to believe he was attempting to destroy evidence, regardless of the language in which the files were captioned.  Ma points to no authority stating that agents in the field are required to have a sophisticated understanding of computer technology or absolute certainty about whether Ma's actions were reversible.  Furthermore, the court notes that once the computer was seized by law enforcement, nothing was done to access its files until the search warrant was issued.  This action adds to the reasonableness of the agents' actions, a critical inquiry under the Fourth Amendment.  *See Kentucky v. King*, __ U.S. __,131 S.Ct. 1849, 1856 (2011) ("The ultimate touchstone of the Fourth Amendment is 'reasonableness'") (quoting *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006)).

Ma also makes a brief argument that the magistrate issued the search warrant without probable cause.  However, the court has reviewed the affidavit upon which the warrant was issued.  It is clear that the "magistrate had a 'substantial basis for conclud[ing]' that probable cause existed." *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983) (quoting *Jones v. United States*, 362 U.S. 257, 271 (1960)).  *See also United States v. Moore*, 661 F.3d 309, 312 (6th Cir. 2011).

Defendant's motion to suppress is DENIED.

**IT IS SO ORDERED**.

Dated:  November 6, 2012

s/George Caram Steeh_____
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
November 6, 2012, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk